IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Peter U. Diugwu,           )
     Plaintiff,            )
                           )
v.                         )     1:11cv1404 (GBL/IDD)
                           )
Sgt. Ward,                 )
     Defendant.            )

MEMORANDUM OPINION AND ORDER

This Matter comes before the Court on the Motion for Summary Judgment of defendant Sgt. Earl Ward. Peter U. Diugwu, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging claims of use of excessive force by Sgt. Ward, deliberate indifference to plaintiff's serious medical needs, and cruel and unusual punishment in the form of being placed in disciplinary segregation. By Order dated January 10, 2012, plaintiff's claim of cruel and unusual punishment for disciplinary placement was dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim on which relief can be granted. In addition, deficiencies in plaintiff's allegations as to his remaining claims were pointed out, and plaintiff was given an opportunity to particularize and amend his allegations in an amended complaint. Plaintiff filed an amended complaint on February 6, 2012, and by Order dated February 21, plaintiff's claim of deliberate indifference to his serious medical needs was dismissed pursuant to § 1915A, and the defendants named in connection with that claim were dismissed as parties to the action. Additionally, service of the amended complaint was directed upon Sgt. Ward, the sole defendant named in connection with the excessive force claim.

On March 24, 2012, Sgt. Ward filed a Motion for Summary Judgment with a supporting memorandum of law and exhibits. Plaintiff was provided with the notice required by Roseboro

v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and he has filed a response with an exhibit in the form of his own counter-affidavit. Defendant thereafter filed a reply supported by a supplemental affidavit.[1] For the reasons which follow, defendant's Motion for Summary Judgment will be granted, and final judgment will be entered in his favor.

## I. Background

Briefly, Diugwu alleges in the amended complaint that he is a detainee of Immigration and Customs Enforcement confined at Hampton Roads Regional Jail ("HRRJ"). Am. Compl., ¶ 11. From the time he arrived at HRRJ on July 7, 2009 until the end of that year, plaintiff experienced progressive blurry vision in his right eye due to imminent retina detachment. Id., ¶¶ 12 - 17. After plaintiff lost vision in the eye, he underwent surgery by an eye specialist to reattach the retina on December 31, 2009, and a follow-up surgery was scheduled for late February, 2010. Id., ¶ 20. However, on February 11, 2010, plaintiff allegedly was "attacked" by Sgt. Ward, who sprayed mace into plaintiff's eyes, pushed him to the floor, and handcuffed him. Id., ¶ 21. As a result, plaintiff suffered flashes and severe pain in his eyes, for which he received Vicodin, and his second surgery was not performed until July 15, 2010. Id., ¶¶ 21, 26.

Exhibits submitted by defendant Sgt. Ward reveal the following facts. On February 2, 201, Sgt. Ward and Officer Derek Brown were performing cell inspections in Unit 3, Pod I, A side at HRRJ, the area was plaintiff resided. Ward Aff. ¶ 3; Brown Aff. ¶ 3. The purpose of such inspections is to ensure inmate sanitation and security, and to ascertain whether inmates have any contraband or disallowed items in their cells. Id. On this occasion, plaintiff was found to have more toilet paper in his cell than the two rolls permitted in the HRRJ Inmate

---

[1] In the meantime, plaintiff filed an interlocutory appeal of the order dismissing his claims of cruel and unusual punishment and deliberate indifference to his serious medical needs. Dkt. 13. The appeal was dismissed pursuant to Local Rule 45 on May 15, 2012. Dkt. 26.

Handbook, so Officer Brown confiscated one roll. Brown Aff. ¶ 4. Plaintiff became agitated, loud and obnoxious, and approached Officer Brown with clenched fists. Brown Aff. ¶ 5. Sgt. Ward heard a hostile voice and Officer Brown telling an inmate to calm down so he approached plaintiff's cell, and observed plaintiff moving toward Officer Brown with clenched fists. Ward Aff. ¶4. Sgt. Ward and Officer Brown continued to direct plaintiff to calm down, but plaintiff disobeyed their orders and continued to approach Officer Brown. Ward Aff. ¶¶ 5 - 6; Brown Aff. ¶¶ 6 - 7. At that point, as plaintiff made an "aggressive move" toward Officer Brown, Sgt. Ward sprayed plaintiff with pepper spray for two (2) seconds. Ward. Aff. ¶¶ 6 - 7; Brown Aff. ¶ 7. Sgt. Ward did so because only sergeants carry pepper spray, so Officer Brown did not have any. Ward Aff. ¶ 7. Immediately after plaintiff was sprayed, he was escorted to the medical unit where his eyes were washed out. Ward Aff. ¶ 8; Brown Aff. ¶ 8. While in the medical unit, plaintiff admitted to Sgt. Ward that "lost control during the incident." Ward Aff. ¶ 9.

In response to the Motion for Summary Judgment, plaintiff has submitted his own counter-affidavit. He states in relevant part[2] that he "questioned" Officer Brown about why the roll of toilet tissue was confiscated, since two inmates were housed in the cell, but he was not confrontational, abusive, or disrespectful, and "certainly not combatant [sic]." Diugwu Aff. ¶ 2. Plaintiff states that he brought out the third roll of toilet paper that was almost used up to show to Officer Brown, and as Brown was explaining why he took the third roll, "that's when Sgt. Ward came down the stairs and attacked" plaintiff. Id. Plaintiff was sprayed in both eyes with the pepper spray and dropped the items he was holding, and Sgt. Ward pushed him to the ground and handcuffed him. Id. Plaintiff was "blinded and in great pain," but Sgt. Ward "dragged" him into

---

[2]Other portions of plaintiff's affidavit recount events pertaining to the claims of cruel and unusual punishment and deliberate indifference which have been dismissed.

3

the gym and "left [him] there for what seemed like an eternity." Id. When Sgt. Ward and other officers took plaintiff to the medical department, he heard Nurse Jones say," You know he just had eye surgery, you shouldn't have sprayed him." Id.

In reply to plaintiff's response, Sgt. Ward filed a supplemental affidavit in which he attests, "At the time of the incident about which plaintiff complains, I had no knowledge that plaintiff had any eye problems. Further, plaintiff was not wearing any bandages on his eyes or anything else to indicate a problem or his recent eye procedure." Ward Supp. Aff., ¶ 3.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will

identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

In determining whether a complaint states an Eighth Amendment claim that defendants used excessive force, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992); see also, Whitley v. Albers, 475 U.S. 312, 320-21 (1986). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated ... whether or not significant injury is evident." Hudson, 503 U.S. at 9. The extent of injury suffered by the inmate is relevant to the Eighth Amendment inquiry, both because it may suggest whether the use of force could plausibly have been thought necessary in a particular situation, Whitley, 475 U.S. at 321, and because it may provide some indication of the amount of force applied. Wilkins v. Gaddy, __ U.S. __, 130 S.Ct. 1175, 1178 (2010) (rejecting the notion that an excessive force claim involving only *de minimis* injury is subject to automatic dismissal). While the Eighth Amendment generally excludes from constitutional recognition *de minimis* uses of physical force, Hudson, 503 U.S. at 9, and an inmate who complains of a "push or shove" that causes no discernable injury "almost certainly" fails to state a valid excessive force claim. Id., quoting Johnson v. Glick, 481 F.2d 1028, 1033

(2d Cir. 1973). Nonetheless, "[i]njury and force ... are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins, 130 S.Ct. at 1178-79.

Pursuant to these authorities, it takes little analysis to conclude that Sgt. Ward is entitled to the summary judgment he seeks on plaintiff's claim of excessive force. The pleadings, affidavits, and exhibits on file demonstrate that Ward used no force in restraining plaintiff that was unreasonable under the circumstances. To the contrary, the evidence supplied by the defendant indicates that force was applied to plaintiff in a good-faith effort to restore discipline and order after plaintiff became "agitated," "loud and obnoxious," and approached Officer Brown with clenched fists. Hudson, 503 U.S. at 7. It appears that the two-second burst of pepper spray plaintiff received may have caused him more serious injury than would otherwise have been the case because of his recent eye surgery, but it is uncontroverted that Sgt. Ward was unaware of that situation when the spray was applied. Under such circumstances, the injuries plaintiff suffered do not suggest that a greater amount of force was applied than would have been required to avert his aggression toward Officer Brown. Wilkins, 130 S.Ct. at 1178. Certainly, nothing whatever indicates that force was applied to plaintiff "maliciously and sadistically to cause harm." Hudson, 503 at 7.

The sole evidence plaintiff has offered to attempt to create disputed factual issues is his own counter-affidavit, in which he denies having been disrespectful, confrontational or abusive toward Officer Brown. Liberty Lobby, 477 U.S. at 248. As a general rule, the non-moving party may not defeat a properly-supported summary judgment motion by simply substituting the "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."

Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). Even where the non-moving party in such a situation is a pro se prisoner entitled to liberal construction of his pleadings, a "declaration under oath ... is not enough to defeat a motion for summary judgment. He has to provide a basis for his statement. To hold otherwise would render motions for summary judgment a nullity." Campbell-El v. Dist. of Columbia, 874 F.Supp. 403, 406 - 07 (D.C. 1994). It is noteworthy that plaintiff states in his counter-affidavit that "there were several other witnesses" to the incident at issue - "about 15 -20 or even more, perhaps all the detainee inmates on the bottom tier of A-side of the unit witnessed the incident (because it was during morning inspection and everyone was standing outside of their cell)," Diugwu Aff., ¶ 2, yet he has failed to supply a statement from even one of those individuals to support his version of the event. Thus, pursuant to the foregoing authorities, plaintiff's conclusory counter-affidavit is insufficient to carry his burden to point out specific facts which create disputed issues with those demonstrated by the defendant. Liberty Lobby, 477 U.S. at 248. Since the evidence as a whole could not lead a rational fact finder to rule for the plaintiff, summary judgment is appropriate, and defendant Ward's motion for that relief must be granted. Matsushita, 475 U.S. at 587.

## IV. Conclusion

For the foregoing reasons, it is

ORDERED that defendant Ward's Motion for Summary Judgment (Docket # 17) be and is GRANTED.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff

7

wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to enter final judgment in favor of defendant Sgt. Earl Ward, pursuant to Fed. R. Civ. P. 58, to close this civil action, and to send a copy of this Memorandum Opinion and Order to plaintiff and to counsel of record for defendant.

Entered this 8th day of January 2013

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge

8